IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-26 T
(JUDGE EMILY C. HEWITT)

VELOCITY NET, INC.

Plaintiff

v.

THE UNITED STATES,

Defendant

# ANSWER

Defendant, the United States, for its answer to plaintiff's complaint, denies each and every allegation that is not admitted or otherwise expressly addressed below. Defendant also:

1. Admits that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.
2. Admits that this suit was filed within the period of limitations under 26 U.S.C. § 6532.
3. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Admits the defendant is the United States and that the Internal Revenue Service is the federal agency charged with administering the tax laws, including those laws that may be applicable in this case.

5. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence but denies that plaintiff is entitled to a refund. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences.

7. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.
12. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.
13. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.
14. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.
15. Paragraph 15 presents legal contentions through plaintiff's paraphrasing of the statute and requires no response.
16. Paragraph 16 presents legal contentions through plaintiff's paraphrasing of the statute and requires no response.
17. Paragraph 17 presents legal contentions through plaintiff's paraphrasing of the statute and requires no response.
18. Paragraph 18 presents legal contentions through plaintiff's paraphrasing of the statute and requires no response.
19. Paragraph 19 presents legal contentions through plaintiff's paraphrasing of the statute and requires no response.

20. Admits that plaintiff filed a request for refund of § 4251 communication excise tax but denies that the tax was erroneously paid, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff assembled and maintained a network to provide internet access to their customers.

21. Admits the allegations contained in paragraph 21, but avers that the amount claimed was $37,122.

22. Denies the allegations contained in paragraph 22 because the IRS letter dated November 18, 2004, (1) references a claim for refund received on May 25, 2004, which is before the June 8, 2004, claim for refund identified in ¶ 21, and (2) the IRS's letter indicates that it relates to tax periods ended March 31, 2000, June 30, 2000, September 30, 2000, and December 31, 2000, not the tax periods at issue ended March 31, 2001, through March 31, 2004.

23. Avers that the June 9, 2005, IRS letter is a notice of proposed disallowance.

24. Admits the allegations contained in paragraph 24.

25. Defendant's responses to the averments set forth in paragraphs 1-24 are incorporated by reference herein.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 that plaintiff submitted a Form 8849, states that its attorneys currently lack knowledge or information sufficient to respond to the allegation that the Form 8849 was submitted "in accordance with the procedures set forth by the Internal Revenue Service," and denies that the payments were erroneous, and that plaintiff is entitled to any refund.

29. States that paragraph 29 constitutes an assertion of law to which no response is required.

30. Admits the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with all allowable costs assessed against plaintiff.

Respectfully submitted,

March 6, 2006
Date

s/G. Robson Stewart

G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 6, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant